UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LEAH HOLLIS,

                    Plaintiff,                                    **ORDER**
                                                                    CV 10-1003 (SJF)(ARL)

               -against-

HOFSTRA UNIVERSITY, JENNIFER
BOSCORINO GREEN, and JAYNE
BROWNELL,

                   Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' application, dated October 18, 2010, seeking to compel plaintiff to serve automatic initial disclosures. Pursuant to the scheduling order dated September 7, 2009, the parties had until September 21, 2010 to serve their respective initial disclosures. Plaintiff's failure to timely serve her initial disclosures, despite the court's scheduling order and defense counsel's requests led to the within motion practice. In response to defendants' application, plaintiff has informed the court that the long overdue initial disclosures were served on October 25, 2010, rendering this issue moot.

      Also before the court is the plaintiff's application to quash subpoenas served on non-parties Community College of Philadelphia, Rutgers University, and University of Pittsburgh, former employers of the plaintiff. The subpoenas which were served on the plaintiff September 30, 2010, clearly provided a date for compliance of October 15, 2010. Plaintiff chose to file the instant motion to quash on October 25th, ten days after the return date set in the subpoenas. Inasmuch as plaintiff's motion is untimely, the application is denied. *See Ireh v. Nassau Univ. Med. Center*, No. CV 06-09 (LDW) (AKT), 2008 WL 4283344, at *2 (E.D.N.Y. Sept. 17, 2008) (citations omitted) ("Courts within this Circuit have interpreted Rule 45's requirement that a motion to quash be filed in a 'timely' manner to mean that such a motion must be filed within the time set in the subpoena for compliance.")

      Finally, plaintiff's motion, dated November 4, 2010, seeks an extension of time to respond to defendants' (i) First Set of Interrogatories, and (ii) First Demand for Discovery and Inspection which were served on counsel for plaintiff on September 30, 2010. Again, plaintiff did not timely comply or respond to defendants' discovery demands but instead waited until the due date to request additional time. By waiting until the due date to seek additional time to respond, plaintiff effectively made it impossible for the court to deny her request and order timely compliance. Notwithstanding, this troubling practice, the undersigned will provide plaintiff with one final opportunity to respond to the outstanding discovery requests. Accordingly, by November 12, 2010, the plaintiff shall respond to all outstanding discovery

demands.  The defendant's request for sanctions is denied at this time.  Plaintiff is cautioned that failure to timely comply with this order will result in the imposition of sanctions.  Counsel for plaintiff is also cautioned that future applications must be made sufficiently in advance of a deadline to allow the court time to rule on the issue.

Dated: Central Islip, New York                    **SO ORDERED:**
        November 9, 2010


_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge