```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LEAH HOLLIS,
```

       Plaintiff,         **ORDER**
                        CV 10-1003 (SJF)(ARL)
  -against-

HOFSTRA UNIVERSITY, JENNIFER
BOSCORINO GREEN, and JAYNE
BROWNELL,

       Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  Before the court is plaintiff's letter application dated November 11, 2010, seeking reconsideration of this court's order, dated November 9, 2010. Defendants oppose the application by letter dated November 16, 2010. For the reasons set forth below, the application is denied.

  By order to show cause dated October 25, 2010, the plaintiff moved to quash subpoenas served on non-parties Community College of Philadelphia, Rutgers University, and University of Pittsburgh, former employers of the plaintiff. The subpoenas which were served on the plaintiff September 30, 2010 and clearly provided a date for compliance of October 15, 2010. The plaintiff argued that the subpoenas sought discovery concerning plaintiff's entire personnel files from former employers and were not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The court denied the application finding that because plaintiff chose to file the instant motion to quash on October 25th, ten days after the return date set in the subpoenas, her motion was untimely. Based on the plaintiff's troubling practice of failing to timely respond to discovery requests; waiting until the due date to seek additional time to respond; and failing to make applications in advance of the deadline, including the within motion to quash, the court declined to exercise its discretion to consider the merits of plaintiff's motion notwithstanding the untimeliness of her application. *Cf. Ireh v. Nassau Univ. Med. Center*, No. CV 06-09 (LDW) (AKT), 2008 WL 4283344, at *2 (E.D.N.Y. Sept. 17, 2008).

  In the motion for reconsideration, counsel for the plaintiff restates that the defendants subpoenas should be quashed because they are overbroad and seek information not calculated to lead to discoverable evidence. The plaintiff continues to argue the merits of the motion and seeks in the alternative a protective order to compel defendants to produce all documents produced in response to the subpoenas.

  Generally, a district court will not revisit its prior decision unless a party can show that the court overlooked controlling decisions or factual matters that were put before it on the

underlying motion. Local Civil Rule 6.3. "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce resources." *Parrish v. Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)(internal citations and quotations marks omitted). A motion for reconsideration is not an opportunity to reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Aviation, Inc. v. United States,* 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000). None of the arguments raised by the plaintiff meet the standards for reconsideration. The plaintiff's arguments are virtually identical to the arguments raised in the initial motion to quash and do not address nor put forth good cause for the failure to have timely made her motion.

Dated: Central Islip, New York
   November 18, 2010

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge